# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| T-REX PROPERTY AB, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 1:14-CV-1488 |
| vs. | § § | |
| TIME-O-MATIC, LLC, | § § § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff T-Rex Property AB (hereinafter "T-Rex" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendant Time-O-Matic, LLC (hereinafter, "Defendant") as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## PARTIES

2. Plaintiff T-Rex Property AB ("T-Rex") is a company organized and existing under the laws of Sweden with its principal place of business at Vårvägen 6, 18273 Stocksund, Sweden.

3. On information and belief, Defendant is a limited liability company organized under the laws of the State of Delaware. On information and belief, Defendant has a principal place of business at 1015 Maple Street, Danville, Illinois 61832.

**JURISDICTION AND VENUE**

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to the jurisdiction of this Court by virtue of maintaining a principal place of business in this Judicial District. On information and belief, Defendant is also subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and, at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

6. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(c) and 1400(b).

**THE PATENTS-IN-SUIT**

7. The allegations set forth in the foregoing paragraphs 1 through 6 are hereby re-alleged and incorporated herein by reference.

8. On January 16, 2007, U.S. Patent Number RE39,470 (the "'470 patent"), entitled "DIGITAL INFORMATION SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '470 patent is attached as Exhibit A to this Complaint.

9. On August 6, 2002, U.S. Patent Number 6,430,603 (the "'603 patent"), entitled "SYSTEM FOR DIRECT PLACEMENT OF COMMERCIAL ADVERTISING, PUBLIC

SERVICE ANNOUNCEMENTS AND OTHER CONTENT ON ELECTRONIC BILLBOARD DISPLAYS," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '603 patent is attached as Exhibit B to this Complaint.

10. On June 3, 2008, U.S. Patent Number 7,382,334 (the "'334 patent"), entitled "DIGITAL INFORMATION SYSTEM," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '334 patent is attached as Exhibit C to this Complaint.

11. T-Rex is the assignee and owner of the right, title and interest in and to the '470, '603, and '334 patents (henceforth collectively the "patents-in-suit"), including the right to assert all causes of action arising under said patents and the right to any remedies for infringement.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE39,470

12. The allegations set forth in the foregoing paragraphs 1 through 11 are hereby re-alleged and incorporated herein by reference.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 25 of the '470 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, digital display boards that operate on a digital information system, which are configured to receive an exposure list comprising three or more of the following items: the information to be displayed, which billboard or billboards the information is to be displayed; when the information is displayed at one or more digital display boards; and the length of time the information is to be displayed. The exposure list provided to a digital display board is configured to be dynamically updated.

14. Upon information and belief, Defendant has also actively induced others to infringe one or more claims of the '470 patent, in this district and elsewhere in the United States

through its Ignite software, user manuals, and other documents that instruct customers of Defendant to directly infringe the '470 Patent. *See* Exhibit D – Watchfire Ignite Software Manual. Defendant has had notice of the '470 patent since at least June 10, 2010, when T-Rex sent Defendant a notice letter specifically including the entirety of claim 25 of the '470 patent.

15. Defendant's aforesaid activities have been without authority and/or license from T-Rex.

16. T-Rex is entitled to recover from Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,430,603

17. The allegations set forth in the foregoing paragraphs 1 through 16 are hereby re-alleged and incorporated herein by reference.

18. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including claim 13, of the '603 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, digital display boards located at various geographic locations connected to a network; allowing for scheduling of video or still-image content at selected time slots on selected digital display boards; receiving video or still-image content from a content provider; transmitting the scheduled content to server devices associated with digital display boards; where the server devices initiate display of the video or still-image content at selected times on one or more digital display boards.

19. Upon information and belief, Defendant has also actively induced others to infringe one or more claims of the '603 patent, in this district and elsewhere in the United States

through use of its Ignite software system that is provided with various digital display screens, including but not limited to digital billboards, as well as user manuals and other documents provided to Defendant's customers instructing those customers to use the Ignite software to directly infringe one or more claims of the '603 patent. *See* Exhibit D – Watchfire Ignite Software Manual. Defendant has had knowledge of the '603 patent since at least the filing of this Complaint.

20. Defendant's aforesaid activities have been without authority and/or license from T-Rex.

21. T-Rex is entitled to recover from Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,382,334

22. The allegations set forth in the foregoing paragraphs 1 through 21 are hereby realleged and incorporated herein by reference.

23. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '334 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, digital display board system that generates an exposure list comprising control instructions for coordinating digital display boards with regard to what shall be exposed, when it shall be exposed, where it shall be exposed, and how long it shall be exposed; using a control center for coordinating and controlling electronic displays, wherein the control center is able to create and update the exposure list in real time with control instruction field via dynamic booking of information in time for exposure for mediators.

24. Upon information and belief, Defendant has also actively induced others to infringe one or more claims of the '334 patent, in this district and elsewhere in the United States by providing Ignite software which is capable of generating an exposure list comprising control instructions for coordinating digital display boards with regard to what shall be exposed, when it shall be exposed, where it shall be exposed, and how long it shall be exposed; using a control center for coordinating and controlling electronic displays, wherein the control center is able to create and update the exposure list in real time with control instruction field via dynamic booking of information in time for exposure for mediators to its customers. In addition, Defendant has advertised these capabilities to its customers and informed these customers of how to use the Ignite software through its software manuals and other documents causing its customers to directly infringe the '334 patent. *See* Exhibit D – Watchfire Ignite Software Manual. Defendant has had knowledge of the '334 patent since at least the filing of this Complaint.

25. Defendant's aforesaid activities have been without authority and/or license from T-Rex.

26. T-Rex is entitled to recover from the Defendant the damages sustained by T-Rex as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.  An adjudication that one or more claims of the patents-in-suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others whose infringement has been induced by Defendant;

B.  An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, including willful infringement, together with prejudgment and post-judgment interest;

D.  That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E.  Any further relief that this Court deem just and proper.

Dated:  December 23, 2014

Respectfully submitted,

/s/ *Gary R. Sorden*_____
Gary R. Sorden
TX I.D. 24066124
E-mail: gsorden@farneydaniels.com
Steven R. Daniels
TX I.D. 24025318
E-mail: sdaniels@farneydaniels.com
FARNEY DANIELS P.C.
800 S. Austin Ave.
Suite 200
Georgetown, TX 78626
Tel.: (512) 582-2828
Fax: (512) 582-2829

*Attorneys for Plaintiff*
*T-Rex Property AB*